ELY v. RUSSELL et al.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. JOINT ADVENTURES (§ 5*)—ACTION BETWEEN PARTIES—PLEADING AND PROOF.

Plaintiff alleged that on January 16th defendants had bought, for the account of plaintiff and N., 8,100 bales of cotton; that on January 17th plaintiff and N. agreed with each other and with defendants to unite their interests in the purchase, and on January 20th plaintiff and N. gave defendants an order to sell 3,600 of the bales; that such sale was made; that on February 21st plaintiff and N. ordered defendants to sell the remainder of the cotton, which defendants failed to do. The answer admitted that on January 16th defendants held, for the account of plaintiff and N., the cotton alleged by plaintiff, and that on January 20th plaintiff ordered defendants to sell 3,600 bales, which order was executed by defendants; that on the same day defendants demanded additional margin on the remaining cotton, but that plaintiff and N. failed to meet such demand, and that plaintiff, acting for himself and N., expressly gave to defendants an order to sell at the market price the remaining cotton contracts, which order defendants executed, and subsequently accounted to plaintiff and N. for all transactions had for their respective accounts. *Held*, that the only issue presented was whether plaintiff gave an order to sell the remainder of the cotton on January 20th, and evidence as to the condition of the individual account of N. prior to the consolidation of the accounts was immaterial.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. § 5.*]

2. APPEAL AND ERROR (§ 867*)—QUESTIONS FOR REVIEW.

The exception to the direction of a verdict and the appeal from the order denying the motion for a new trial on the judge's minutes present the question as to whether the general verdict directed by the court was authorized by the special findings of the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3476–3486; Dec. Dig. § 867.*]

Appeal from Trial Term, New York County.

Action by Harry A. Ely against Thomas F. Russell and another. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

William A. Barber, for appellants.
William A. Ferguson, for respondent.

INGRAHAM, J. This was an action at law, brought to recover the damages sustained by the plaintiff by the unauthorized sale of 4,500 bales of cotton purchased for the plaintiff and one Sarah J. Naething. The complaint alleges that on the 16th day of January, 1903, these defendants had bought for the account of the plaintiff and said Naething 8,100 bales of cotton; that on the 17th day of January, 1903, the plaintiff and said Naething agreed with each other and with the defendants that they would join and unite their interest in the said transaction, and that the said 8,100 bales of cotton which the defendants then held and carried for them were to be thereafter held and carried upon their joint account, and on the 20th day of January 1903, the plaintiff and said Naething gave the defendants an order for the sale of 3,600

of the said 8,100 bales of cotton; that the said order was accepted and filled by the defendants, and the said 3,600 bales of cotton were then sold by the defendants for the joint account of the plaintiff and said Naething at the market price then prevailing, leaving on hand 4,500 bales of cotton, which the defendants were carrying for the joint account of the plaintiff and Naething; that on the 21st day of February, 1903, the plaintiff and the said Naething ordered and directed the defendants to sell the said 4,500 bales of cotton at the then prevailing market rate, which the defendants utterly failed and neglected to do; and that by reason of such failure and neglect by and on the part of the defendants the plaintiff was damaged in the sum of $28,000.

There was here one legal cause of action to recover the damages caused by the defendants refusing to sell the cotton on the 21st of February, 1903, when ordered by the plaintiff. The answer admits that on the 16th day of January, 1903, the defendants had bought and held for the account of the plaintiff and said Naething certain cotton, aggregating 8,100 bales, and alleges that on the 20th of January, 1903, the plaintiff, acting for himself and said Naething, ordered the defendants to sell 3,600 bales of cotton, which order was accepted and filled by the defendants; that in the afternoon of the 20th of January, 1903, the defendants again demanded additional margin or security sufficient to protect them in holding the remaining cotton contracts held for the account of the plaintiff and said Naething, but the said Naething and the plaintiff again failed to respond to such demands for margin or security, and thereupon the said plaintiff, acting for himself and said Naething, with full authority, expressly gave to the defendants an order to sell at the market prices then prevailing, and under the rules and regulations of the New York Cotton Exchange, all the remaining cotton contracts held for the account of the plaintiff and said Naething, or either of them, which order the defendants accepted, and promptly sold the balance of said contracts, of which sale the plaintiff and Naething had notice; that the defendants subsequently accounted to the plaintiff and Naething for all transactions had for their respective accounts, and therefore demand that the complaint be dismissed.

There was here presented by these pleadings one distinct question of fact, and a determination of the case depended entirely upon whether the plaintiff gave an order to sell the 4,500 bales of cotton on the 20th of January, 1903. No other issue was presented, and the right of the plaintiff to recover depended entirely upon the finding of that question of fact. The plaintiff introduced evidence to show that no such order was given. The defendants introduced testimony tending to show that such an order was given, and the court submitted that question to the jury, who found that the plaintiff, Ely, ordered the sale of contracts for the 4,500 bales of cotton remaining in the combined account of Naething and himself on the afternoon of January 20, 1903. That finding of the jury determined the issue in the action and clearly entitled the defendants to a verdict. After the defendant had rested, the plaintiff was recalled in rebuttal, and certain accounts between the plaintiff and Naething were under discussion when it appeared that in the Naething account, before the accounts were con-

solidated, there appeared a charge for a loss on 5,000 bales of cotton alleged to have been purchased on behalf of Naething and sold some time before the consolidation of the accounts. This was all clearly immaterial as to any issue presented by the pleadings. Some testimony was taken as to this loss, and whether that purchase and sale of 5,000 bales of cotton was authorized by the plaintiff; and the court submitted to the jury a question as to whether the purchase and sale of the 5,000 bales was authorized, and the jury found in the negative. Whereupon the court directed a verdict for the plaintiff for the amount of the loss which had been charged in the Naething account, and to this the defendants at once objected as not being within the pleadings; but the court overruled the objection and directed a verdict, the defendants duly excepting. There was no amendment to the complaint asked for or allowed; and, while it is true that the defendants do not appear from the record to have objected to the court submitting that question to the jury, counsel for the defendants promptly objected when the court undertook to direct a verdict for the plaintiff, and placed the objection clearly upon the ground that no such cause of action had been pleaded, and excepted to the direction of a verdict when the objection was overruled.

While the courts have been reluctant to disturb judgments entered upon the verdicts of juries, when the question involving a liability of the defeated party has been tried out without objection, although the case was not within the pleading, this case goes beyond any in which such judgments have been sustained. Here was an action at law for damages, based upon the failure of the defendants to fulfill an order given by the plaintiff; the defendants justifying the refusal to obey the order on the ground that the merchandise to which the order related had been sold by order of the plaintiff some time prior to giving such order upon which the cause of action was based. That question was fairly submitted to the jury, who found in favor of the defendant; but the plaintiff has been allowed to recover on a cause of action which was not in any way alluded to in the pleadings, and which had no connection with the cause of action which was alleged, and to which there would have been several defenses, even if the facts were found as were found by the jury. Upon the allegation of the consolidation of these accounts under the circumstances disclosed, there was presented a question as to whether there was a statement of the account as it existed at the time of the consolidation, which would have precluded the plaintiff from opening the prior accounts, except upon proof of fraud or manifest error; and that question was not included within the special findings of the jury, and has never been determined. The jury have here simply found that a certain transaction, which was included within the account of one of these parties prior to the time of consolidation, was not authorized by the plaintiff. The question as to what, if any, liability that would impose upon the defendants, was neither tried nor disposed of on the trial. It seems quite evident, therefore, that the answering of this one question did not entitle the plaintiff to the direction of a verdict, and for that reason this verdict cannot stand.

The exception to the direction of a verdict and the appeal from the order denying the motion for a new trial on the judge's minutes present the question as to whether the general verdict directed by the court was authorized by the special finding of the jury; and, as we clearly think it was not, the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.